■ CARL R. HOLLANDER, Respondent-Appellant, v ROBERT PLAN CORPORATION et al., Appellants-Respondents. [743 NYS2d

26] —Order, Supreme Court, New York County (Herman Cahn, J.), entered July 2, 2001, which, to the extent appealed and cross-appealed from as limited by the briefs, granted that part of plaintiff's motion to dismiss the affirmative defenses and counterclaim based on the documentary evidence, and denied that part of plaintiff's motion for summary judgment on his breach of contract claim and his request for sanctions, unanimously modified, on the law, to grant plaintiff summary judgment on his breach of contract claim, and otherwise affirmed, with costs to plaintiff, payable by defendant The Robert Plan Corporation, and the matter remanded for further proceedings.

The documentary evidence, consisting of two letters written by defendant The Robert Plan Corporation's general counsel to plaintiff, in which the terms of a settlement agreement were discussed, and corporate minutes reflecting the general counsel's presence at a board meeting in which a settlement was approved, established that the company was represented by counsel other than plaintiff during the negotiations of that agreement, and thus refutes the underlying premise of the affirmative defenses and counterclaim, i.e., that the company did rely exclusively upon plaintiff to act as its attorney in negotiating the settlement agreement. The affidavits of The Robert Plan Corporation's general counsel, and the company's chairman, chief executive officer and president, which characterize the general counsel's writing of those letters as somehow unrelated to the negotiations, and in which the affiants studiously fail to recollect whether the general counsel was present at the signing of the settlement agreement, are inherently incredible and, as such, failed to deprive plaintiff's documentary evidence of its dispositive force (*see, Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81, *affd* 94 NY2d 659).

The occurrence of a restructuring of The Robert Plan Corporation, involving the reacquisition of its shares from nonparty American International Group, Inc. (AIG), the cancellation of those shares and the issuance of a new class of shares to AIG, fell within the plain language of the parties' settlement agreement as a triggering event requiring The Robert Plan Corporation to purchase plaintiff's stock options at the agreed upon value. We therefore reverse that part of the order which denied plaintiff summary judgment on his claim for breach of contract.

The motion court properly exercised its discretion in denying plaintiff's motion for sanctions. Concur—Tom, J.P., Mazzarelli, Andrias, Sullivan and Friedman, JJ.